UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ALEX HOWARD** | **CASE NO. 2:21-CV-03181** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FIRST UNITED PENTECOSTAL CHURCH OF DERIDDER LA ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 6] filed by defendant Church Mutual Insurance Company, S.I. ("Church Mutual") and a Motion to Dismiss and Motion for a More Definite Statement [doc. 18] filed by Alex Howard d/b/a ServiceMaster by Howard's ("ServiceMaster"). Both motions were filed under Federal Rule of Civil Procedure 12(b)(6) and both are opposed. Docs. 12, 21.

## I.
### BACKGROUND

This suit arises from ServiceMaster's efforts to recoup payment for mitigation work it did at the premises of plaintiff First United Pentecostal Church of DeRidder, Louisiana ("First United"). According to ServiceMaster's complaint, First United, a church located in DeRidder, Louisiana, was damaged when Hurricane Laura made landfall in Southwest Louisiana on August 27, 2020. Doc. 1, ¶ 6. At that time, First United had property insurance under a policy issued by Church Mutual. *Id.* at ¶ 7. First United contacted ServiceMaster, advising that it needed someone to perform restoration and remediation work at the church. *Id.* at ¶ 8. First United and ServiceMaster entered into a contract, the "Authorization for

1

Repairs and Payment," on August 31, 2020. *Id.* at ¶ 9. The contract provides that any unpaid balance on an invoice will bear interest at a rate of 12 percent per annum and that "[t]he makers, endorsers, guarantors, or sureties hereby jointly and severally agree to pay all costs of collection including reasonable attorneys' fees." *Id.* at ¶ 10.

ServiceMaster further alleges that it immediately invested substantial resources to begin the project and mitigate the water damage to First United, and completed the dry-out process by September 9, 2020. *Id.* at ¶¶ 13–15. Upon completion of the work, it prepared an estimate/invoice of its work using Xactimate software and submitted an invoice in the amount of $269,260.62 to First United and its insurer, Church Mutual, for payment. *Id.* at ¶ 18. First United paid $50,000 on October 13, 2020, but has not made any further payments since that date. *Id.* at ¶¶ 19–22.

ServiceMaster filed suit against First United and Church Mutual in this court on August 31, 2020, invoking the court's diversity jurisdiction and raising claims of breach of contract, negligence, detrimental reliance, and unjust enrichment. Church Mutual moves to dismiss the claims against it under Rule 12(b)(6), arguing that there was no privity of contract as required to support the breach claim and that the facts also provide inadequate support for ServiceMaster's other claims. Doc. 6. Meanwhile, First United has filed a crossclaim for breach of insurance contract and bad faith against Church Mutual and a counterclaim for unfair trade practices against ServiceMaster. Doc. 9. Service Master moves to dismiss the counterclaim under Rule 12(b)(6) or, alternatively, for a more definite statement. Doc. 18.

## II.

## LAW & APPLICATION

### A. Legal Standards

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

#### 1. Church Mutual's Motion

ServiceMaster has raised claims for breach of contract, negligence, unjust enrichment, and detrimental reliance against Church Mutual. Church Mutual moves to dismiss all of these claims under Rule 12(b)(6). Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Accordingly, the court evaluates the substance of each claim under Louisiana law.

##### a. Breach of contract

"Under Louisiana law, no action for breach of contract may lie in the absence of privity of contract between the parties." *Beauregard Quarters, LLC v. Action Concrete Constr., Inc.*, 2021 WL 2942514, at *3 (M.D. La. Jul. 13, 2021) (citing *Pearl River Basin Land and Dev. Co., L.L.C. v. State, ex rel. Governor's Office of Homeland Sec. and Emergency Preparedness*, 29 So. 3d 589, 592 (La. Ct. App. 1st Cir. 2009)). ServiceMaster has alleged that both Church Mutual and First United "were kept advised of, and approved (both expressly and implicitly), all work" performed by ServiceMaster and that Church Mutual reimbursed First United for the $50,000 it paid to ServiceMaster. Doc. 1, ¶¶ 20, 24. It has only alleged, however, that the written contract that was the substance of its breach claim was between ServiceMaster and First United. *Id.* at ¶¶ 9–10, 23.

ServiceMaster now asserts that these facts also support an oral contract with Church Mutual. The allegations are too vague to determine the existence of such a contract, let alone its terms, and the breach claim currently asserted clearly relates to the written

4

agreement between ServiceMaster and First United. The motion will therefore be granted as to this claim, though ServiceMaster may amend its pleadings in the time provided below and raise claims relating to any oral contract between the parties.

### b. Negligence

ServiceMaster asserts what amounts to a claim of negligent misrepresentation, alleging that it incurred damages when it continued the work in reliance on Church Mutual's assurances that it would be paid. To succeed on a theory of negligent misrepresentation, a plaintiff must show that "(1) the defendant owe[d] a duty to supply correct information; (2) the defendant breache[d] that duty; and, (3) the plaintiff suffer[ed] damages resulting from a justifiable reliance on that misrepresentation."[1] *Collins v. State Farm Ins.*, 2007 WL 1296240, at *3 (E.D. La. Apr. 30, 2007) (citing *Chiarella v. Spirit Spectrum, LLP*, 921 So. 2d 106, 123 (La. App. 4 Cir. 2005)). The duty of care in a negligent misrepresentation claim is not limited to cases where there is a fiduciary relationship. *Navarre Chevrolet, Inc. v. Hyundai Motor Corp.*, 2019 WL 2166679, at *8 (W.D. La. Feb. 4, 2019) (citing *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007, 1015 (La. 1993)). However, the facts must establish some prior existing personal or professional relationship requiring disclosure of the relevant information. *Miller v. Lowe*, 2009 WL 4730201, at *5 (W.D. La. Dec. 4, 2009).

Church Mutual maintains that ServiceMaster falls short on this claim by failing to show either a duty or a breach. The complaint provides that Church Mutual "was aware of

---

[1] Louisiana case law is unclear on whether negligent misrepresentation may arise from a representation based on future conduct, such as a promise to pay. *Campo v. BP Am., Inc.*, 2012 WL 1978283, at *3 (E.D. La. Jun. 1, 2012).

and approved all work" performed at First United on an ongoing basis and apparently made a "representation that [ServiceMaster] would be paid for the work." Doc. 1, ¶¶ 12, 32. However, Church Mutual has reimbursed First United for $50,000 in payments made to ServiceMaster. There is no allegation that Church Mutual represented to ServiceMaster that it would be paid according to the terms set forth in First United and ServiceMaster's contract. Accordingly, whatever Church Mutual's duty to in terms of providing information on coverage and indemnity to its insured's contractors, ServiceMaster fails to show a breach. The motion will be granted as to this claim, without prejudice to Church Mutual's right to amend and provide a more definite statement.

### c. Detrimental Reliance

Under Louisiana law, a claim of detrimental reliance requires (1) a representation by conduct or word, (2) justifiable reliance on the representation, and (3) a change in position to the plaintiff's detriment as a result of the reliance. *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004). The claim is "designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence" and usually functions in the absence of an enforceable contract between the parties. *Id.* (quoting *Babkow v. Morris Bart, PLC*, 726 So.2d 423, 427 (La. Ct. App. 4th Cir. 1998)).

As with the negligence claim, ServiceMaster's allegations are insufficient as to the nature of any representations from Church Mutual. There is no indication that Church Mutual knew of the contract terms, let alone represented that ServiceMaster would be paid

in accordance therewith. Accordingly, this claim will also be dismissed without prejudice to ServiceMaster's right to amend.

### d. Unjust enrichment

Finally, the Louisiana Civil Code provides: "A person who has been enriched without cause at the expense of another person is bound to compensate that person." La. Civ. Code art. 2298. The same article also emphasizes, however, that the remedy is subsidiary "and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule." *Id.* Accordingly, a plaintiff must show the following to support a claim for unjust enrichment: (1) an enrichment to the defendant; (2) an impoverishment to the plaintiff; (3) a connection between the two; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) the unavailability of any other remedy at law. *Carriere v. Bank of La.*, 702 So.2d 648, 658 (La. 1996).

Church Mutual asserts that this claim fails on the first and fifth elements; namely, that it was not directly enriched by ServiceMaster's work and that ServiceMaster has a remedy available through its breach of contract claim. ServiceMaster maintains, however, that Church Mutual was enriched by not having to pay further mitigation coverage. It also argues that this claim is viable if the court finds that there is no enforceable contract between Church Mutual and ServiceMaster.

Federal courts in this state have held that a breach of contract claim bars one for unjust enrichment and that an unjust enrichment claim may not be maintained in the alternative. *See Zaveri v. Condor Petrol. Corp.*, 27 F.Supp.3d 695, 701–02 & n. 4 (W.D. La. 2014) (collecting cases). "The Louisiana courts of appeals have also made clear that

an unjust enrichment claim will not lie so long as the law provides a remedy for the enrichment against anyone, not only the defendant against whom the claim is asserted." *Williams v. Chesapeake La., Inc.*, 2013 WL 951251, at *7 (W.D. La. Mar. 11, 2013); *see also Zaveri*, 27 F.Supp.3d at 700–01. It is undisputed that ServiceMaster has a remedy in the form of its breach of contract claim against First United. This remedy bars any unjust enrichment claim arising from ServiceMaster's mitigation work and the claim will be dismissed as to both defendants with prejudice.

### 2. ServiceMaster's Motion

ServiceMaster moves to dismiss the counterclaim for unfair trade practices filed by First United, or for a more definite statement regarding same. The Louisiana Unfair Trade Practices Act ("LUTPA") prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" and affords a private right of action to any person who suffers ascertainable loss as a result of such conduct. La. Rev. Stat. 51:1405(A). To state a claim under this statute, the plaintiff must allege conduct that "offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantial[ly] injurious." *Sheramine Svcs., Inc. v. Shell Deepwater Prod. Co., Inc.*, 35 So.3d 1053, 1059 (La. 2009). LUTPA does not offer redress for mere negligence. *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993).

First United alleges that ServiceMaster "used unfair trade practices in an attempt to bill and collect for monies not owed" and that it "has billed and claimed excessive amounts" beyond what is owed for the work it did on the property. Doc. 9, p. 6. Such conduct might support liability under the LUTPA if it goes beyond mere negligent or

8

inadvertent overbilling. However, the allegations provided here are too bare-bones and conclusory to allow the court to evaluate the claim or ServiceMaster to formulate a response. Accordingly, the court will grant the motion for a more definite statement and deny the motion to dismiss.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 6] filed by Church Mutual will be **GRANTED**, with the claims for breach of contract, negligence, and detrimental reliance **DISMISSED WITHOUT PREJUDICE** to ServiceMaster's right to file an amended within two weeks of this ruling and attempt to cure the deficiencies described above. The claim for unjust enrichment will be **DISMISSED WITH PREJUDICE**. The Motion to Dismiss [doc. 18] filed by ServiceMaster will be **DENIED** and the Motion for a More Definite Statement [*id.*] will be **GRANTED**, with First United ordered to amend its counterclaim within two weeks of this ruling.

**THUS DONE AND SIGNED** in Chambers on this 2nd day of December, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**