UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ALEX HOWARD** | **CASE NO. 2:21-CV-03181** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FIRST UNITED PENTECOSTAL CHURCH OF DERIDDER LA ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 48] filed by defendant Church Mutual Insurance Company on the issue of the bad faith claims brought by defendant First United Pentecostal Church of DeRidder ("FUPC"). FUPC opposes the motion. Doc. 52.

### I.
### BACKGROUND

This suit arises from storm damage to FUPC, a church in DeRidder, Louisiana, in Hurricane Laura on August 27, 2020. At all relevant times FUPC was insured under a policy issued by Church Mutual. Shortly after the storm FUPC entered into a contract with plaintiff Alex Howard d/b/a ServiceMaster by Howard ("ServiceMaster-Howard"), a company based out of Alabama, for emergency cleaning, water mitigation, and restoration services. Doc. 1. ServiceMaster-Howard alleges that it performed all work described under the contract, with the knowledge and approval of Church Mutual, but that FUPC paid only a portion of the invoice. *Id.* ServiceMaster-Howard further alleges that both FUPC and

Church Mutual refuse to pay the outstanding balance. *Id.* Accordingly, it filed suit for breach of contract and negligence against the two companies in this court.

FUPC filed, *inter alia*, cross-claims against Church Mutual arising from the latter's alleged failure to timely and adequately reimburse it for its covered losses under the insurance policy. Doc. 9. The matter proceeded through the court's Case Management Order for first-party insurance claims arising from Hurricanes Laura and Delta but did not resolve. It was originally set for jury trial on April 10, 2023, but continued at Church Mutual's motion. Church Mutual has filed the instant Motion for Partial Summary Judgment, seeking dismissal of FUPC's cross-claim for bad faith under Louisiana Revised Statute 22:1892. Doc. 48. FUPC opposes the motion. Doc. 52.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v.*

*Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court

resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties in the amount of an additional "fifty percent damages on the amount due from the insurer to the insured" and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Under Louisiana law, "satisfactory proof of loss" means "only that which is sufficient to fully apprise the insurer of the insured's claims." *La. Bag Co., Inc. v. Audubon Indem. Co.*, 999 So.2d 1104, 1119 (La. 2008) (internal quotations omitted). "Louisiana decisions demonstrate that 'proof of loss' is a flexible requirement. An insurer of course must receive some kind of notice of a claim before it can act. So long as it receives enough information, the manner in which it obtains the information is immaterial." *Austin v. Parker,* 672 F.2d 508, 520 (5th Cir. 1982) (internal quotations omitted).

FUPC first relies on Church Mutual's failure to pay the full $775,000 in the estimate provided by its own adjuster, Engle Martin & Associates, on September 16, 2020. Doc. 52, att. 3. As Church Mutual points out, this estimate contained the caveat "pending further evaluation" and only recommended an advance payment of $100,000.00, which Church Mutual provided on October 1, 2020. Doc. 48, att. 9. Accordingly, it maintains that this estimate cannot form notice of the undisputed amount owed on the claim and that the total

amount of payments it has issued ($482,311.51) were timely based on the notice provided and the withholding of recoverable depreciation. It also points to the millions of dollars in the estimates submitted by FUPC (from $1.3 million to $3.77 million) to show that these could not have formed satisfactory proof of loss. Church Mutual continued to receive estimates from its own retained adjusters at Madsen, Kneppers & Associates. *See* doc. 52, atts. 5 & 6. It argues that payments to date are consistent with these estimates, which do not vary greatly from the initial one provided by EMA, and with the withholding of recoverable depreciation under the policy. Whether FUPC's own submissions to Church Mutual, however, particularly at the lower end could have formed satisfactory proof of loss is an issue for the jury to determine. *E.g.*, *Richardson v. GEICO Indem. Co.*, 48 So.3d 307 (La. Ct. App. 1st Cir. 2010) ("Whether and when a satisfactory proof of loss was received is a question of fact.") The fact that plaintiff submitted multiple estimates or that the insurer chose to rely on its own adjusters will not deprive the plaintiff of a trial on the issue, particularly when there has been no expert testimony submitted on the damages underlying the estimates. Accordingly, there is no basis for summary judgment on the claim.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 48] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 2nd day of March, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE