UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ALEX HOWARD**  :  **CASE NO. 2:21-CV-03181**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**FIRST UNITED PENTECOSTAL CHURCH**  :  **MAGISTRATE JUDGE KAY**
**OF DERIDDER LA ET AL**

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 79] filed by defendant Church Mutual Insurance Company and seeking to exclude the testimony of defendant/cross-claimant First United Pentecostal Church of DeRidder's ("FUPC") witness Keith Meranto. FUPC opposes the motion. Doc. 89.

### I.
### BACKGROUND

This suit arises from damage to FUPC, a church in DeRidder, Louisiana, in Hurricane Laura on August 27, 2020. At all relevant times the church was insured under a policy issued by Church Mutual. Shortly after the storm FUPC entered into a contract with plaintiff Alex Howard d/b/a ServiceMaster by Howard ("ServiceMaster-Howard"), a company based out of Alabama, for emergency cleaning, water mitigation, and restoration services. Doc. 1. ServiceMaster-Howard sued FUPC in this court, alleging that FUPC and Church Mutual had approved the work but failed to pay the invoices. *Id.* FUPC then filed cross-claims against Church Mutual, based on the latter's alleged failure to timely and adequately reimburse it for covered losses under the policy. Doc. 9.

The matter proceeded through the Streamlined Settlement Process outlined in the court's Case Management Order for first-party insurance claims arising from Hurricanes Laura and Delta. It did not resolve and was originally set for jury trial on April 10, 2023. The trial was then continued at Church Mutual's motion to provide the parties additional time for discovery. Docs. 50, 51. The trial date was reset to November 6, 2023. Doc. 59.

FUPC timely designated Keith Meranto as an expert witness, identifying him as a general contractor and stating that he would "testify in accordance with his report and expertise as outlined in his report including but not limited to Hurricane damage to the First United Church and Family Life Center along with costs to rebuild." Doc. 79, att. 2, p. 3. The attached report included a two-paragraph narrative along with estimates for the rebuilding of the church and Family Life Center. *Id.* at 5–9.

On October 4, 2023, FUPC produced supplemental discovery responses. These included the December 2022 contract between FUPC and Meranto Construction for rebuilding and renovating the church, as well as payment applications and invoices dating back to December 2022 for its ongoing project. Doc. 79, att. 2; doc. 75, att. 10. The contract references a "Budgetary Schedule of Values (Exhibit B)" and an "attached schematic proposal (Exhibit A)," which show the scope of the church's remodel project. Doc. 79, atts. 3 & 4. These documents, along with related design plans, were only provided to Church Mutual on October 9, 2023. Mr. Meranto's estimate for the entire project is $3.7 million, while the estimate provided by plaintiff's public adjuster for hurricane repairs is $1.5 million. Doc. 48, att. 6.

Mr. Meranto was deposed on October 10. Doc. 94, att. 1. There he agreed that he was not offering any opinions on causation. *Id.* at 39. He also admitted that his scope of work with the church was not limited to hurricane damage, and that he could not segregate between hurricane repair work and other renovations in his estimate. *Id.* at 54, 60.

Church Mutual now moves to exclude all expert opinion evidence from Mr. Meranto, arguing that his original report was insufficient to establish his expertise under the standards of Rule 26(b)(2), Federal Rule of Evidence 702, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). It also argues that Mr. Meranto's opinions have no relevance to this litigation. Plaintiff opposes the motion, asserting that Mr. Meranto is qualified to offer an estimate of repair costs and has cooperated to the best of his abilities in providing documents to defense counsel. Since the motion and opposition were filed, the trial has been continued at the parties' joint motion to August 5, 2024.

## II.
## LAW & APPLICATION

### A. Legal Standard

#### 1. Rule 26

Under the Federal Rules of Civil Procedure, a party must disclose the identity of any expert witness it may use at trial and generally must accompany this disclosure with a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." *Id.* at 26(a)(2)(B)(i). Rule 26 does not limit an expert's testimony simply to reading his report. Instead, the rule "contemplates that the

expert will supplement, elaborate upon, and explain his report in his oral testimony." *S.E.C. v. Life Partners Holdings, Inc.*, 2013 WL 12076934, at *3 (W.D. Tex. Nov. 8, 2013) (quoting *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006)) (cleaned up). However, a complete report must provide the substance of the testimony the expert will offer along with his reasons. *Denley v. Hartford Ins. Co. of Midwest*, 2008 WL 2951926, at *4 (E.D. La. Jun. 29, 2008) (citing Rule 26 Advisory Committee Note, 1983 Amendments). The purpose of these requirements is to prevent unfair surprise. *Davidson v. Ga. Pacific, LLC*, 2014 WL 36621, at *3 (W.D. La. Jan. 6, 2014). Accordingly, an expert who fails to provide a report complying with Rule 26(a) should not be permitted to testify "unless such failure is harmless." *Life Partners Holdings, Inc.*, 2013 WL 12076934 at *3 (citing Fed. R. Civ. P. 37(c)(1)).

### 2. *Daubert* standard

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony

---

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree

bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting *Daubert*, 509 U.S. at 596).

### B. Application

While Mr. Meranto's report is brief, there seems to be no doubt as to his qualifications as a contractor or his ability to estimate costs. His report, however, and his testimony show that his estimate cannot be credited as a measure of repair costs for covered damages. Accordingly, it carries a high potential of confusing or misleading the jury. Plaintiff may instead rely on the estimate of repair costs prepared by its public adjuster and for invoices for completed work that it can tie to the damages.

---

to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 79] be **GRANTED** and that Keith Meranto be barred from offering any expert testimony in this matter.

**THUS DONE AND SIGNED** in Chambers on the 20th day of December, 2023.

*[signature]*

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE