UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ALEX HOWARD**                                **CASE NO. 2:21-CV-03181**

**VERSUS**                                           **JUDGE JAMES D. CAIN, JR.**

**FIRST UNITED PENTECOSTAL CHURCH**   **MAGISTRATE JUDGE KAY**
**OF DERIDDER LA ET AL**

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 76] filed by defendant Church Mutual Insurance Company and seeking to exclude the testimony of defendant/cross-claimant First United Pentecostal Church of DeRidder's ("FUPC") witness Sean Bryan. FUPC opposes the motion. Doc. 90.

## I.
### BACKGROUND

This suit arises from damage to FUPC, a church in DeRidder, Louisiana, in Hurricane Laura on August 27, 2020. At all relevant times the church was insured under a policy issued by Church Mutual. Shortly after the storm FUPC entered into a contract with plaintiff Alex Howard d/b/a ServiceMaster by Howard ("ServiceMaster-Howard"), a company based out of Alabama, for emergency cleaning, water mitigation, and restoration services. Doc. 1. ServiceMaster-Howard sued FUPC in this court, alleging that FUPC and Church Mutual had approved the work but failed to pay the invoices. *Id.* FUPC then filed cross-claims against Church Mutual, based on the latter's alleged failure to timely and adequately reimburse it for covered losses under the policy. Doc. 9.

The matter proceeded through the Streamlined Settlement Process outlined in the court's Case Management Order for first-party insurance claims arising from Hurricanes Laura and Delta. It did not resolve and was originally set for jury trial on April 10, 2023. The trial was then continued at Church Mutual's motion to provide the parties additional time for discovery. Docs. 50, 51. The trial date was reset to November 6, 2023, and again to August 5, 2024. Docs. 59, 97.

FUPC timely designated Sean Bryan as an expert on "the pre-storm condition of the HVAC systems of the First United Church and Family Life Center as well as repair estimates related to the Hurricane damage." Doc. 76, att. 2. It also provided his report, which contains a narrative describing Mr. Bryan's pre- and post-storm work on the church's HVAC and electrical systems as well as his opinion "that the buildings in question were in excellent working order leading up to the two storms." *Id.* at 5. He further states that his company completed some "nonstandard (bush-fix and band-aid) type repairs due to funding and availability of parts and equipment" after the storm. *Id.* Attached to the report are quotes and post-storm invoices, though no invoices for pre-storm work. At his deposition on September 20, 2023, Mr. Bryan provided his CV for the first time. Doc. 76, att. 3, pp. 17–18. He testified that he provided the church with a quote for replacement of the HVAC system after the storm and that he believed such replacement was necessary due to storm damage. *Id.* at 46–50, 74–77. He admitted, however, that he regularly replaced units of the HVAC system as part of his maintenance work. *Id.* at 34–35.

Church Mutual now moves to exclude any opinion testimony from Mr. Bryan, on the grounds that his report lacks "substantive detail" and contains no opinions as to the

extent or cause of any storm damage. Doc. 76. FUPC opposes the motion and maintains that Mr. Bryan has adequately supported his opinions as to both the pre- and post-storm conditions of the system and the need for replacement. Doc. 87.

## II.
## LAW & APPLICATION

### A. Legal Standard

Under the Federal Rules of Civil Procedure, a party must disclose the identity of any expert witness it may use at trial and generally must accompany this disclosure with a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." *Id.* at 26(a)(2)(B)(i). Rule 26 does not limit an expert's testimony simply to reading his report. Instead, the rule "contemplates that the expert will supplement, elaborate upon, and explain his report in his oral testimony." *S.E.C. v. Life Partners Holdings, Inc.*, 2013 WL 12076934, at *3 (W.D. Tex. Nov. 8, 2013) (quoting *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006)) (cleaned up). However, a complete report must provide the substance of the testimony the expert will offer along with his reasons. *Denley v. Hartford Ins. Co. of Midwest*, 2008 WL 2951926, at *4 (E.D. La. Jun. 29, 2008) (citing Rule 26 Advisory Committee Note, 1983 Amendments). The purpose of these requirements is to prevent unfair surprise. *Davidson v. Ga. Pacific, LLC*, 2014 WL 36621, at *3 (W.D. La. Jan. 6, 2014). Accordingly, an expert who fails to provide a report complying with Rule 26(a) should not be permitted to testify

"unless such failure is harmless." *Life Partners Holdings, Inc.*, 2013 WL 12076934 at *3 (citing Fed. R. Civ. P. 37(c)(1)).

    B. Application

FUPC's disclosures revealed that Mr. Bryan would testify as to repair estimates and the pre-storm condition of the HVAC system. His testimony and invoices show that he is well-acquainted with that system. His opinions on causation are adequately supported by his pre- and post-storm observations. Church Mutual was able to depose him on these observations and may use any perceived gaps in his understanding or documentation to attack the weight of his testimony at trial. As for the delayed disclosure of his CV, there is no indication that Church Mutual was in any way prejudiced. Even if it could show prejudice, its claim would be undercut by its failure to (1) request the CV in the several months after the witness failed to produce it, (2) request to postpone the deposition, or (3) request further discovery of Mr. Bryan after obtaining the CV. There is no basis under Rule 26, however, for excluding Mr. Bryan's opinions.

### III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 76] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 21st day of December, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE