UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ALEX HOWARD**  :   **CASE NO. 2:21-CV-03181**

**VERSUS**  :   **JUDGE JAMES D. CAIN, JR.**

**FIRST UNITED PENTECOSTAL CHURCH**  :   **MAGISTRATE JUDGE KAY**
**OF DERIDDER LA ET AL**

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 82] filed by defendant Church Mutual Insurance Company and seeking to exclude the testimony of defendant/cross-claimant First United Pentecostal Church of DeRidder's ("FUPC") witness Charles Norman. FUPC opposes the motion. Doc. 90.

### I.
### BACKGROUND

This suit arises from damage to FUPC, a church in DeRidder, Louisiana, in Hurricane Laura on August 27, 2020. At all relevant times the church was insured under a policy issued by Church Mutual. Shortly after the storm FUPC entered into a contract with plaintiff Alex Howard d/b/a ServiceMaster by Howard ("ServiceMaster-Howard"), a company based out of Alabama, for emergency cleaning, water mitigation, and restoration services. Doc. 1. ServiceMaster-Howard sued FUPC in this court, alleging that FUPC and Church Mutual had approved the work but failed to pay the invoices. *Id.* FUPC then filed cross-claims against Church Mutual, based on the latter's alleged failure to timely and adequately reimburse it for covered losses under the policy. Doc. 9.

The matter proceeded through the Streamlined Settlement Process outlined in the court's Case Management Order for first-party insurance claims arising from Hurricanes Laura and Delta. It did not resolve and was originally set for jury trial on April 10, 2023. The trial was then continued at Church Mutual's motion to provide the parties additional time for discovery. Docs. 50, 51. The trial date was reset to November 6, 2023, and again to August 5, 2024. Docs. 59, 97.

FUPC timely designated structural engineer Charles Norman as an expert witness and provided his reports. Doc. 82, atts. 2–5. Church Mutual now moves to exclude any opinion testimony from Mr. Norman, on the grounds that his reports contain several errors and that his vague conclusions do not satisfy Rule 26. Doc. 82. FUPC opposes the motion, maintaining that Mr. Norman adequately explained his opinions and the bases for them. Doc. 90.

## II.
## LAW & APPLICATION

### A. Legal Standard

Under the Federal Rules of Civil Procedure, a party must disclose the identity of any expert witness it may use at trial and generally must accompany this disclosure with a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." *Id.* at 26(a)(2)(B)(i). Rule 26 does not limit an expert's testimony simply to reading his report. Instead, the rule "contemplates that the expert will supplement, elaborate upon, and explain his report in his oral testimony." *S.E.C.*

*v. Life Partners Holdings, Inc.*, 2013 WL 12076934, at *3 (W.D. Tex. Nov. 8, 2013) (quoting *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006)) (cleaned up). However, a complete report must provide the substance of the testimony the expert will offer along with his reasons. *Denley v. Hartford Ins. Co. of Midwest*, 2008 WL 2951926, at *4 (E.D. La. Jun. 29, 2008) (citing Rule 26 Advisory Committee Note, 1983 Amendments). The purpose of these requirements is to prevent unfair surprise. *Davidson v. Ga. Pacific, LLC*, 2014 WL 36621, at *3 (W.D. La. Jan. 6, 2014). Accordingly, an expert who fails to provide a report complying with Rule 26(a) should not be permitted to testify "unless such failure is harmless." *Life Partners Holdings, Inc.*, 2013 WL 12076934 at *3 (citing Fed. R. Civ. P. 37(c)(1)).

    **B. Application**

    Church Mutual faults Mr. Norman for failing to segregate between the damages caused by Hurricane Laura, Hurricane Delta, and Hurricane Beta, as well as for the lack of specific information on wind speeds, design limitations, and material forces supporting his conclusions on causation. It also notes that Mr. Norman is using a template for the hundreds of Laura/Delta cases for which he has provided a report for FUPC's counsel. As FUPC shows, however, Mr. Norman listed the materials used in forming his opinions and explained that he also obtained data through an inspection of the property. Church Mutual had the opportunity to review these materials before Mr. Norman's deposition and to interrogate him on any contradictions or gaps in his sources. It will be able to use this testimony to attack the weight of his opinions at trial. Accordingly, the court finds no basis under Rule 26 to strike his opinions.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 82] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 21st day of December, 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**